JOHN L. BURRIS ESQ., SBN 69888
BENJAMIN NISENBAUM, ESQ., SBN 222173
JAMES COOK, ESQ., SBN 300212
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
bnisenbaum@hotmail.com
james.cook@johnburrislaw.com

Attorneys for Plaintiff
NORMA TURNER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA TURNER, individually and as successor-in-interest to Decedent MICHAEL BROWN,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF ALAMEDA, a municipal corporation; and DOES 1-50, inclusive, individually, jointly, and severally,<br><br>Defendants. | CASE NO.:<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C. Section 1983 and pendent tort claims)<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1.     On April 8, 2015, Decedent Michael Brown was found hanging by a sheet in his cell at Santa Rita Jail after Defendants failed to supervise and/or treat him according to the law and the

appropriate protocols after having knowledge that Decedent planned to commit suicide.

2. This civil rights and wrongful death action seeks compensatory and punitive damages from Defendants for violating the Fourteenth Amendment under the United States Constitution and state law in connection with the death of Decedent Michael Brown, who died as a result of the unlawful conduct by the County of Alameda's Sheriff's Department.

3. This action seeks to recover damages for the violation of rights of Decedent's surviving successor-in-interest, Norma Turner.

## JURISDICTION

4. This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the County of Alameda, California, which is within the judicial district of this Court.

5. The Supplemental Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to federal claims in the action that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

7. Decedent, MICHAEL BROWN (hereinafter "Decedent"), was an individual residing in the State of California. Decedent was unmarried at the time of his death and died intestate.

8. Plaintiff NORMA TURNER (hereinafter "Plaintiff"), is and was at all times herein mentioned the biological mother of Decedent. Plaintiff sues in her individual capacity and as Successor-in-Interest to Decedent.

9. Defendant COUNTY OF ALAMEDA (hereinafter "County") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant County has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Alameda County

Sheriff's Department and its tactics, methods, practices, customs, and usage. At all relevant times, Defendant County was the employer of DOES Defendants.

10. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs allege Defendants DOES 1 through 25, and each of them were negligent and deliberately indifferent to Decedent's medical and mental health needs and safety, failed to provide psychiatric care to him or take other measures to prevent him from attempting suicide, violated his civil rights, wrongfully caused his death, and/or encouraged, directed, enabled, and/or ordered other defendants to engage in such conduct. Plaintiff further alleges that the DOE Defendants violated Plaintiff's Fourteenth Amendment rights to familial association and companionship and caused the wrongful death of Decedent. Plaintiff will amend this complaint to state the names and capacities of DOES 1 through 25, inclusive, when they have been ascertained.

11. Plaintiff is ignorant of the true names and capacities of Defendants DOES 26 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named was employed by Defendant County at the time of the conduct alleged herein. Plaintiff alleges that each of Defendants DOES 26-50 were responsible for the training, supervision and/or conduct of the Jail employees and/or agents involved in the conduct alleged herein. Plaintiff alleges that each of Defendants DOES 26 through 50 was also responsible for and caused the acts and injuries alleged herein. Plaintiff will amend this complaint to state the names and capacities of DOES 26 through 50, inclusive, when they have been ascertained.

## **ADMINISTRATIVE PREREQUISITES**

12. Plaintiff is required to comply with an administrative tort claim requirement under California law. Plaintiff filed an administrative claim with the County of Alameda on October 8, 2015. The County of Alameda has failed to render a decision on the claim. Plaintiff has exhausted all administrative remedies pursuant to California Government Code Section 910.

## **PRELIMINARY ALLEGATIONS**

13. The County is a public entity and is sued under Title 42 U.S.C. § 1983 for violations of the Fourteenth Amendments of the United States Constitution, California state law, the California Tort Claims Act, and the Government Code for the acts and omissions of Defendants, who at the time they caused Plaintiff's and Decedent's injuries, damages and death were duly appointed, qualified and acting officers, employees, and/or agents of County and acting within the course and scope of their employment and/or agency.

14. Plaintiff alleges that the conduct of each defendant deprived Decedent of his constitutional right to life, his constitutional right to medical and mental health care for his serious but treatable medical and mental health needs, as well as custodial care and supervision, and caused Decedent to suffer grievous harm and physical, psychological, and mental injuries prior to his death, and ultimately caused his death while he was in the custody of Defendants.

15. Each of the Defendants caused and is responsible for the unlawful conduct and resulting harm by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so, by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct, by promulgating or failing to promulgate policies and procedures pursuant to which the unlawful conduct occurred, by failing and refusing to initiate and maintain proper and adequate policies, procedures and protocols, and by ratifying and condoning the unlawful conduct performed by agents and officers, deputies, medical providers and employees under their direction and control.

16. Whenever and wherever reference is made in this Complaint to any act by Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendant and DOE Defendants individually, jointly, or severally.

## **FACTUAL ALLEGATIONS**

17. A few days before the incident, Decedent Michael Brown was arrested in the city of Berkeley. During Decedent's arrest, it was evident that he was suffering from a mental health emergency. Following his arrest, Decedent was transported to John George Psychiatric Hospital for

mental health treatment. After being released from John George Psychiatric Hospital, Decedent was taken to Santa Rita Jail.

18. The Alameda County Sheriff's Department had two suicide letters that Decedent wrote. Decedent was placed on suicide watch as a consequence of his known metal state and suicidal ideation.

19. After placing Decedent on suicide watch, the Defendant deputies failed to monitor Decedent. On April 8, 2015, Decedent was found dead in his cell, hanging by his bed sheets. As a consequence of failing to monitor Decedent, the Defendant deputies did not discover that Decedent had committed suicide until after he missed breakfast and lunch, more than five hours after he died.

20. Decedent's death was the proximate result of Defendants failure to reasonably supervise and care for Decedent, after, on information and belief, being put on notice of Decedent's medical condition and suicidal ideation; including the two suicide notes, statements, and behavior that he exhibited while in custody.

21. With deliberate indifference County and DOES 1-50, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of Decedent's and Plaintiff's rights, the suffering and death of Decedent, and injuries and damages to Plaintiff.  Defendants County and DOES 1-50, inclusive, were untrained or improperly trained in the proper detention and supervision of inmates at Alameda County jail.  This lack of adequate supervisorial training demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying with deliberate indifference the continuing negligent supervision of inmates, including Decedent, by Defendants DOES 1-50, and its jail staff.

22. Plaintiff alleges that Defendants failed to promulgate appropriate policies, guidelines and procedures and have failed to rectify improper practices and customs with regard to the mental health treatment and/or health and safety of Alameda County Jail inmates.  The failures include, but are not limited to, a failure to meet legal, national/professional, and medical standards relating to the medical and psychiatric care of inmates, failure to ensure that the staff engage in proper and required welfare checks of inmates, a failure to maintain adequate mental health staff for the Jail, a failure to maintain adequate custodial staff for the Jail.

23. The Defendants' deliberate indifference to Decedent's serious medical needs and safety resulted in his long-term suffering and ultimately his death.

24. As a result of the Defendants' conduct alleged herein, Plaintiff has lost the financial and emotional support, love and companionship of Decedent.

## DAMAGES

25. Plaintiff was mentally, emotionally, and financially injured and damaged as a proximate result of Decedent's wrongful death, including, but not limited to, the loss of Decedent's familial relationships, comfort, protection, companionship, love, affection, solace, and moral support. In addition to these damages, Plaintiff is entitled to recover for the reasonable value of funeral and burial expenses.

26. As a further direct and proximate result of the negligence and deliberate indifference of Defendants, and each of them, Plaintiff has been deprived of Decedent's financial support.

27. Each individual Defendant acted recklessly or with callous indifference to Decedent's life threatening physical, medical, and/or psychiatric condition and to Plaintiff's constitutional rights. Plaintiff, as Decedent's Successor-In-Interest, is therefore entitled to an award of punitive damages against said individual Defendants.

28. Plaintiff found it necessary to engage the services of private counsel to vindicate her rights, and the rights of Decedent, under the law. Plaintiff is therefore entitled to recover all attorneys' fees incurred in relation to this action pursuant to Title 42 United States Code section 1988.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**(Wrongful Death)**
**(Against Defendants DOES 1-25)**

29. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 28 of this Complaint.

30. As set forth above, Plaintiff was subjected to deprivation of rights by Defendants acting under color of law of the United States and State of California and of the County of Alameda, which rights include, but are not limited to, privileges and immunities secured to Plaintiff by the Constitution and laws of the United States. By reason of the aforementioned acts, these Defendants,

COMPLAINT FOR DAMAGES - 6

have violated the constitutional rights and liberty interests of Decedent, including those provided in the Fourteenth Amendment to the U.S. Constitution, and of each Plaintiff, as well as those which are protected under the Fourteenth Amendment's prohibition against depriving a person of a right to familial relationships without due process of law.

31. Defendants knew of Decedent's serious medical, physical, and mental health condition, were deliberately indifferent to them, ignored them, failed to provide medical or mental health intervention and care for him.

32. Defendants knew or should have known that Decedent was suffering from a mental disability and was a high-risk candidate for suicide. Nevertheless, Defendants ignored his clear need for medical and mental health care, and failed to engage in adequate welfare checks or supervision.

33. Defendants knew and/or had reason to know, that Decedent had a serious but treatable medical condition, which required care and treatment. As a result of Defendants' deliberate indifference, Decedent was deprived of the necessary and indicated medical intervention, care, and treatment. Without proper treatment or follow-up care, his mental state deteriorated, causing him to continue to suffer pain and mental anguish in violation of his Fourteenth Amendment rights, resulting in his wrongful death.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**(Violations of Plaintiff's Civil Right to a Familial Relationship)**
**(Against Defendants DOES 1-25)**

34. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 33 of this Complaint.

35. As a legal cause of Defendants' acting under color of law, acts and/or inactions, and whose deliberate indifference caused injuries which resulted in Decedent's death, Plaintiff was deprived of her constitutional rights to a familial relationship, all in violation of rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
### (*Monell* - 42 U.S.C. Section 1983)
### (Against Defendants County and DOES 26-50)

36. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 35 of this Complaint.

37. The aforementioned acts and/or omissions of the Defendants DOES 1-25 in being deliberatively indifferent to Decedent's serious medical needs and safety and violating his civil rights were the direct and proximate result of customs, practices and policies of Defendant County and DOES 26 through 50, as alleged herein.

38. At all times herein mentioned, Defendants County and DOES 26 through 50 maintained a policy or de facto unconstitutional informal custom or practice of permitting, ignoring and condoning, jail personnel to delay in providing adequate mental health and medical assistance for the protection of the health or safety of inmates; failing to properly observe and treat inmates, including inadequate: intake and screening and evaluation, diagnosis, referral to mental health professionals, treatment plans, administration of delivery of medications, medical record keeping, staffing, communication between medical, mental health and custodial staff, housing, supervision, access to mental and medical health care, failure to supervise, lax supervision, failure to report, investigate, and reprimand Jail personnel wrongful conduct.

39. Plaintiff alleges that Defendant County maintained a policy, custom or practice of failing to provide adequate staff in the Jail, causing a failure to properly monitor the inmates.

40. Plaintiff alleges that Defendant County maintained a policy, custom or practice of failing to provide the Jail with adequate mental health personnel.

41. Each policy, custom or practice posed a substantial risk of serious harm to Decedent and Defendant County knew, or should have known, its policy posed this risk.

42. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants DOES 1-25, and/or each of them, Defendant County, DOES 26-50, and/or each of them, encouraged the Jail personnel to continue their course of deliberate indifference and caused this lack of training in Jail personnel, resulting in the violation of the Plaintiff's rights as alleged herein.

43. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking County officials, including high ranking Alameda Sheriff's Department Supervisors, Defendants DOES 26-50, and each of them, resulted in the deprivation of Plaintiff's constitutional rights. These customs, practices or policies were the legal cause of Plaintiff's injuries, and each individual Defendant acting in accord with this custom, policy or practice acted with deliberate indifference to the needs of persons such as Decedent, who was in the custody and care of Defendants. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
### (42 U.S.C. section 1983)
### (Survival Action: Violation of Decedent's Civil Rights)
### (Against Defendants DOES 1-25)

44. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 43 of this Complaint.

45. The foregoing claim for relief arose in Decedent's favor, and Decedent would have been the Plaintiff with respect to this claim had he lived.

46. Defendants acted under color of law in failing to reasonably supervise Decedent, were deliberately indifferent to Decedent's medical/psychiatric care, thereby depriving Plaintiff and Decedent of certain constitutionally protected rights, including, but not limited to, the right to due process of law, as guaranteed by the Fourteenth Amendments to the United States Constitution; said rights are substantive guarantees under the Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
### (C.C.P. Section 377.60 and 377.61)
### (Wrongful Death- Negligence)
### (Against Defendants County and DOES 1-50)

47. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 46 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous,

wanton, and oppressive conduct by Defendants, and any and all allegations requesting punitive damages.

48. Defendants County, by and through its agents and employees, Defendant Sheriff's Deputies, Jail and Medical Personnel, and Defendants DOES 1-50, negligent actions and/or negligent failure to act within the scope and course of their employment with Defendants, as set forth herein-above proximately caused the death of Decedent.

49. As an actual and proximate result of said Defendants' negligence, and the death of Decedent, Plaintiff has sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of her son, Decedent, in an amount according to proof at trial.

50. As a further actual and proximate result of said Defendants' negligence, Plaintiff has incurred funeral and burial expenses, in an amount according to proof at trial.

51. Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiff has brought this action, and claims damages from said Defendants for the wrongful death of Decedent, and the resulting injuries and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

52. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;
4. For reasonable attorney's fees, pursuant to 42 U.S.C. Section 1988;
5. For injunctive relief as the court deems appropriate including that the policies of Defendant County for policy or policies relevant to authorizing, allowing, or ratifying the practice by its Jail Personnel of being deliberately indifferent to mental/psychiatric/medical health needs of the inmates;
6. For cost of suit herein incurred; and

7.       For such other and further relief as the Court deems just and proper.

                                              **LAW OFFICES OF JOHN L. BURRIS**

Dated:  April 7, 2017                    __/s/ *John L. Burris*___
                                                      John L. Burris Esq.
                                                      Attorney for Plaintiff
                                                      NORMA TURNER